IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS GONZALEZ-FRANCO

Plaintiff

vs                                                    CIVIL 13-1073CCC

UNITED STATES OF AMERICA

Defendant

**OPINION AND ORDER**

This is an action brought under 28 U.S.C. § 2255(a) to vacate, set aside or correct a sentence imposed by this Court, filed by petitioner Carlos González-Franco on January 31, 2013 (**docket entry 1**).  Petitioner was originally sentenced on March 17, 2011 to a term of imprisonment of sixty (60) months after pleading guilty to participating in a conspiracy to possess with intent to distribute cocaine base (Crim. No. 09-165, Docket Nos. 1551, 1557). This was the statutory minimum penalty for said offense as petitioner was held accountable for at least 35 grams but less than 50 grams of cocaine base pursuant to a plea agreement. See 21 U.S.C. § 841(b)(1)(B) (Crim. No. 09-165, Docket No. 989 at 2).  Without that agreement, the applicable minimum imprisonment term would have been ten years. See 21 U.S.C. § 841(b)(1)(A).  Petitioner filed no notice of appeal.

On February 22, 2012, petitioner moved for modification of sentence and/or sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Crim. No. 09-165, Docket No. 1857).  On June 8, 2012, the Court determined that petitioner was not eligible for a sentence reduction under the amended crack guidelines in light of the amount of drugs for which he accepted responsibility, i.e. up to 35 grams of cocaine base.  Therefore, the base offense level originally determined remained unaltered by the new guidelines. (Crim. No. 09-165, Docket No. 2004).  Petitioner filed a notice of appeal on June 21, 2012. (Crim. No. 09-165, Docket No. 2034).  On October 31, 2013, the Court of Appeals entered judgment dismissing the appeal.  The Court noted the following: "Because the record demonstrates that the district

CIVIL 13-1073CCC                                2

court calculated appellant's advisory guideline range pursuant to his stipulated drug amount and the revised guidelines in effect after the enactment of the Fair Sentencing Act, and because appellant received applicable mandatory minimum 60-month sentence, relief under § 3582(c) is not available."   United States v. González-Franco, Appeal No. 12-1827 (1st Cir., Oct. 31, 2013).   In granting petitioner's attorney's motion to withdraw from the appeal, the Court of Appeals noted that the appeal presented no non-frivolous question. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Petitioner's motion under 2255 was filed during the pendency of the appeal attacking the same order issued by this Court on June 8, 2012.  It is settled law in the First Circuit that "in the absence of extraordinary circumstances, the orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." United States v. Weekes, 611 F.3d 68, 72 (1st Cir. 2010) (quoting United States v. Gordon, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted)). Furthermore, the Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Proceedings, states that motions to vacate are inappropriate if the movant is simultaneously appealing the decision, although there is no jurisdictional bar.  The lack of propriety is evident here.

In any event, and notwithstanding petitioner's reliance on Dorsey v. United States, 567 U.S. ___, 132 S. Ct. 2321 (2012) -- a Supreme Court decision announced after his sentence and the denial of the sentence reduction -- the defendant is not eligible for a sentence below the statutory mandatory minimum, in this case, 60 months.  See 21 U.S.C. § 841(b)(1)(B)(ii)(II); Dorsey, 132 S. Ct. at 2337.  Dorsey determined that the Fair Sentencing Act applies to offenders whose crimes preceded the act's effective date, but who were sentenced after August 3, 2010.  See 21 U.S.C. § (b)(1)(A)(iii) (amended 2010); Dorsey, 132 S. Ct. at 2331-2335   (2012); United States v. Santos-Rivera, 726 F.3d 17, 28-29 (1st Cir. 2013); United States v. Goncalves, 642 F.3d 245, 252-255

CIVIL 13-1073CCC                                  3

(1st Cir.),  cert. denied ___U.S.___, 132 S. Ct. 596 (2011).  As noted by the Court of Appeals, petitioner was sentenced taking into account the Fair Sentencing Act of 2010. Dorsey changes nothing as to him.

In view of the above, petitioner's Motion to Vacate, Set Aside or Modify Sentence (**docket entry 1**) is DENIED.  Judgment shall be entered accordingly.

No certificate of appealability shall issue should petitioner file a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2014.


S/CARMEN CONSUELO CEREZO
United States District Judge